GRACE CAREY, ADMINISTRATRIX, PLAINTIFF, v. JOSEPH
M. DEEMS, DEFENDANT.

Submitted February 7, 1925—Decided May 21, 1925.

1. A person who is not an eye-witness to an accident is not a competent witness to testify as to its cause, as his opinion must obviously be based upon what others had told him about it.
2. An allegation in a complaint in an action to recover for a wrongful death, that the cause of action occurred within twenty-four calendar months of the bringing of the suit, is a compliance with the statutory requirement that such action be brought within two years, as the words "twenty-four calendar months" and "two years" are synonymous.
3. A defendant, in an action to recover damages for a wrongful death, resulting from an accident, cannot testify as to what he said shortly after the happening of the accident with relation to its cause, as such statement would be a self-serving declaration.
4. Where there were twelve separate requests to charge, a party entering a rule to show cause must set forth in his reasons which of the several requests were erroneously refused by the trial court. A general statement that all of the refusals to charge were erroneous, is in disregard of the one hundred and twenty-fifth standing rule of the court.

419

5. While a court may set aside a verdict for an error to which no exception was taken, it will not do so unless such error has produced manifest wrong and injury to the party against whom the verdict was rendered.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the rule, *Kelsey & Ludwig.*

*Contra, Robert Carey* and *Mark Townsend, Jr.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This action was brought to recover the compensation provided by the statute in cases where a person has come to his death by the wrongful act of another. In the present case the proof was uncontroverted that the plaintiff's intestate died from injuries received by him in a collision between an automobile which he was driving on New York avenue, in the town of West New York, and an automobile of the defendant which was being driven by him along Main street. The collision occurred at the intersection of these two streets. The jury found that it resulted solely from the negligence of the defendant, and awarded the plaintiff compensation in the amount of $5,000. The defendant was thereupon allowed the present rule.

The first ground upon which we are asked to make the rule absolute is that the trial court improperly overruled a question asked of one Harold Carey, a brother of the decedent, on his cross-examination. The question was whether the witness had not told Judge Egan—before whom the defendant had been arraigned for reckless driving—that he had investigated the accident, and that he and his father felt that it was unavoidable and that the police should not hold the defendant. We consider that this question was properly overruled. It was not directed at anything testified to by the wit-

ness on his direct examination. Moreover, it called inferentially for an opinion of the witness which must have been formed, not from any personal knowledge as to the cause of the accident (for he was not present when it occurred), but from what other people had told him with relation thereto.

The next ground advanced by the plaintiff for making the rule absolute is that the trial court erroneously refused to nonsuit the plaintiff—first, because contributory negligence on the part of the decedent had been conclusively shown; second, because there was no proof of negligence on the part of the defendant, and third, because the plaintiff had failed to allege in her complaint that the cause of action accrued within the statutory limit of two years prior to the bringing of the suit. As to the first and second points: The decedent was driving in the middle of the road, on the cartracks, the street itself being paved with cobblestones. This he had the right to do, so long as he did not endanger any other persons traveling on that highway or on any intersecting street by so doing. Moreover, the decedent's car was approaching the intersecting point from the defendant's right, and, by force of the statute, was entitled to pass that point in front of the defendant's car, under normal conditions. There was evidence to justify the conclusion that he was traveling not more than twelve miles an hour as he approached the intersecting point, and that the defendant was traveling between twenty and thirty miles an hour. In this situation the question to be determined was whether the decedent was not justified, if he saw the defendant's car approaching, in presuming when it first came within his view that he would not attempt to pass in front of him, in violation of the statute; or, if the decedent failed to observe defendant's car, to determine whether it was not so far away that he was not negligent in failing to observe its approach. The further question presented by these facts was whether or not the defendant was negligent in driving toward the point of intersection at the speed at which he was traveling and in failing to recognize the statutory right of the decedent. These matters were clearly for the determination of the jury, and not for the court.

As to the contention that a nonsuit should have been granted because the complaint was defective: The allegation of the pleading was that the cause of action accrued within twenty-four calendar months before the bringing of the suit. This, we consider, is a sufficient compliance with the requirement of the statute; for it is, by necessary inference, an averment that it occurred within the two-year period; the words "two years" and "twenty-four calendar months" being synonymous, each of them embracing a period of exactly seven hundred and thirty days. It is to be noted, also, that an amendment of the complaint was allowed at the trial, over defendant's objection, by the insertion of the words "within two years," in the place of the words "within twenty-four calendar months." And, if it be assumed that the complainant as filed was defective for the reason advanced by the defendant, the amendment was properly allowed. *Seitter* v. *West Jersey, &c., R. R. Co.,* 79 *N. J. L.* 277.

The next contention advanced on behalf of the defendant is that the court improperly overruled the following question asked on his direct examination: "Did you hear any conversation; was there any conversation between them [the father and brother of the decedent] and the officer and yourself about the happening of the accident?" This question was properly overruled. If its purpose was to obtain a statement of what the father or the brother said, it was objectionable for the reason already mentioned in discussing the first point. If it was an attempt to show what the witness himself had said, that was also incompetent, for self-serving declarations are not admissible when made by the party himself.

Next, it is argued that the court erred in striking out a statement made by the defendant on his direct examination— in response to a question asked by his counsel—that he had not lost his state license. The action of the court was entirely justified, for it was quite immaterial in determining the question of the defendant's liability whether he had done so or not.

Next, it is argued that there was error in the failure of the trial court to charge a request of the defendant's that even

if the jury found him to be negligent, he could not be held responsible unless that negligence was the natural and proximate cause of the accident, and also asking the court to define to the jury the meaning of the words "natural and proximate." There are several reasons why the defendant can take nothing by this contention. In the first place, the filed reason relied upon in arguing this point is that "the court erred in declining to charge the jury as requested by counsel for defendant." Twelve separate requests to charge were submitted, and the reason filed, instead of being limited to that which is now presented for our consideration, embraces them all. The one hundred and twenty-fifth rule of this court requires that the party entering a rule to show cause *shall write down with particularity* the reasons upon which he rests his motion for a new trial. Manifestly, the defendant in the reason above recited has entirely failed to comply with this requirement. In the second place, so far as the request dealt with the limitation of the liability of the defendant, even if he was found to have been negligent, it was, in fact, charged. The only part of the request not dealt with was the defining of the meaning of the words "natural and proximate." As to the failure of the court in this regard, it is observed that no exception was taken thereto. It is true that the neglect to state an objection when a case is before this court on rule to show cause will not bar the court from a consideration of the alleged error. But, in considering the judicial action complained of, the court will not set aside the verdict, even where error appears, unless such error has produced manifest wrong and injury to the party against whom the verdict has been rendered. *Butler* v. *Hoboken Printing, &c., Co.,* 73 *N. J. L.* 45. In the present case we are unable to perceive that the failure to charge that portion of the request which we have indicated operated in any way to the injury of the defendant, for the reason that if the plaintiff's decedent came to his death through a collision between the car in which he was riding and the car of the defendant, and such collision was due entirely to the negligence of the defendant in the management of his car, that negligence was

necessarily the proximate cause of the injuries received by the decedent and such injuries were the natural result of that negligence. In the third place, the trial judge, at the close of his charge, made the following announcement: "I have several requests to charge, but I think I have covered them. If there are any that counsel think I have not covered, I will take them up;" and counsel for the defendant, instead of calling the court's attention to the failure to charge in the respect indicated, sat silent, and, by doing so, led the court to believe that the substance of this request had been dealt with.

Next, it is said that the court, in charging the jury upon the subject of damages, instructed them that they could consider not only the fact that the decedent left a wife, but that he also left as next of kin a father, mother, brother and sister, indicating thereby that the plaintiff, as administratrix, was entitled to recover not only the pecuniary loss sustained by the widow as the result of her husband's death, but also the pecuniary loss sustained by the next of kin; and the argument is that the jury should have been limited in their award to the pecuniary loss sustained by the widow. It must be conceded that the right of recovery residing in the administratrix was limited to the pecuniary loss sustained by the widow by virtue of existing statutory provisions. But, although this is true, we do not think the verdict should be disturbed for the reason indicated. There was no exception taken to this instruction, and it is apparent that the defendant suffered no injury therefrom, for his counsel admits in his brief submitted to us that the sum of $5,000 was a very small award even to the widow alone.

Lastly, it is contended that the verdict is contrary to the weight of the evidence. We find nothing in the proofs to satisfy this contention. On the contrary, we are satisfied from our examination of the proofs that the jury was fully warranted in imposing upon the defendant the responsibility for the accident which resulted in the death of plaintiff's decedent.

For the reasons indicated, the rule to show cause will be discharged.